ROLLIN HANAN, APPELLEE, V. DON MCLEOD ET AL., APPELLANTS.

FILED MAY 17, 1913.   No. 17,249.

**Brokers:** SALE OF LAND: ACTION FOR COMMISSION: QUESTION FOR JURY. The defendants, who were engaged in a general real estate business, made a written contract with the plaintiff to procure purchasers of land. The contract provided that, if plaintiff "shall not accompany, or arrange with general agent, J. McLeod, to accompany the party to whom any land is sold," his compensation shall be one-half of the amount he was to receive if he accompanied the purchaser himself. There was evidence tending to prove that one Overton was authorized to act for McLeod in the matter, and that he agreed on behalf of McLeod to accompany a certain purchaser of land, and that plaintiff should receive his full compensation. *Held,* That the questions of Overton's authority and whether in fact he made such agreement were for the jury, and that the court did not err in submitting them with proper instructions.

APPEAL from the district court for Merrick county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Brome, Ellick & Brome,* for appellants.

*Elmer E. Ross, contra.*

Sedgwick, J.

Don McLeod and John McLeod were engaged in general real estate business, and contracted with the plaintiff to assist them in the sale of lands. The contract between them was in writing, and provided that the plaintiff should be paid $1 an acre for all lands sold by the McLeods through him for cash. The contract contained the following provision: "It is expressly understood and agreed that if first party shall not accompany, or arrange with general agent, J. McLeod, to accompany the party to whom any land is sold or with whom any trade is made, that he shall receive but one-half of the commission above mentioned." The plaintiff found a purchaser for 640 acres of land, and after the deal was consummated demanded his commission, $1 an acre, $640. He brought this action in the county court of Merrick county to recover that amount, and the defendants paid $320 thereon, and answered that the plaintiff was not entitled to more than 50 cents an acre because the plaintiff did not accompany the purchaser to examine the land in making the contract of purchase. The plaintiff replied that he arranged with one Overton, who was the general agent of the defendants, and each of them, to accompany the prospective purchaser to the land "as and in the place of the said defendant J. McLeod, under the terms and agreements aforesaid," and that the said Overton did accompany the purchaser.

Upon the trial in the district court for Merrick county, the court instructed the jury: "There are only two questions for you to determine in this case under the pleadings filed, viz.: (1) Did the plaintiff arrange with B. J. Overton to accompany the purchaser of this tract of land? (2) If he did, was Mr. Overton authorized to make such an arrangement? To entitle the plaintiff to recover you must find both of these questions in favor of the plaintiff. And the burden is upon the plaintiff to satisfy you by a preponderance of the evidence that he made such an arrangement. * * * If upon either of these questions the evidence is evenly balanced, or if it preponderates in favor of the defendants, your verdict shall be for the defendants."

The defendants insist that the instruction is erroneous; that Overton had no authority to alter or vary the terms of the written contract between the parties, and, as the plaintiff did not comply with the terms of the contract by accompanying the proposed purchaser to the land, he could not recover more than the 50 cents an acre for the land sold. The evidence shows that Overton was, in general, acting as the agent for the defendants, and the plaintiff testified that, while he was negotiating with the purchaser for the sale of the lands in question, Overton told him that it would not be necessary for him to accompany the purchaser, and that other arrangements would be made, and that the plaintiff would be entitled to his full commission as though he had accompanied the purchaser. This was denied by Overton, but it presented an issue of fact for the jury to determine. It appears that the plaintiff had correspondence with John McLeod in regard to the matter, and, among other things, McLeod wrote the plaintiff in that connection: "You understand that the terms of the contract require you to accompany the men, but, if you had an agreement with Mr. Overton, all we need to understand is what the agreement was and you will receive credit for your commission." There is other evidence in the record tending to show that Overton was acting as the agent for McLeod, and that an arrangement with Overton to accompany the purchaser was in effect an arrangement with his principal, McLeod; and, while the evidence is somewhat conflicting upon this point, there is no doubt that the court was correct in submitting this question of fact to the jury. The instruction given fairly presented the question, and there appears to be nothing in the instructions inconsistent with this view. The verdict of the jury therefore must control.

The judgment of the district court is

AFFIRMED.

REESE, C. J., BARNES and FAWCETT, JJ., concur.

LETTON, ROSE and HAMER, JJ., not sitting.